IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYBRID AUDIO, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:16-cv-10643-RWZ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) |

## DEFENDANT ASUS COMPUTER INTERNATIONAL'S OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY

This matter was stayed on this Court's Order of October 17, 2016 (Dkt. 12). On May 1, 2017, Plaintiff Hybrid Audio LLC filed a Motion to Lift Stay (Dkt. 17). Defendant ASUS Computer International ("ACI") opposes Plaintiff's Motion in the interest of judicial economy because (a) the issues in this case will be further streamlined if the stay continues, and (b) Plaintiff, the party that moved for the stay order, will suffer no prejudice by a continuation of the stay because the asserted patent expired in September, 2012. Although the arguments below apply equally to ASUSTeK Computer Inc. ("ASUSTeK"), it has not yet been served and ASUSTeK is not entering an appearance to avoid any question of it having waived its right to proper service.

During the parties' meet and confer ACI observed that this case must be dismissed for improper venue if the Supreme Court's decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957), continues to control; that whether *Fourco* controls is a question currently before the Supreme Court in *TC Heartland*; and that the Supreme Court is expected to

issue a decision in *TC Heartland* sometime this summer. Plaintiff declined to address these contentions during the meet and confer, and it does not do so in its Motion.

Venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Section 1391(c) provides that for venue purposes, a defendant corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2) (2012). In *Fourco*, however, the Supreme Court held that Section 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391 (c)." *Fourco*, 353 U.S. at 229. Thus, Section 1391(c) does not modify Section 1400(b).

Under *Fourco* venue is improper in this District. ACI is incorporated in California, and ASUSTEK is a foreign corporation. ACI and ASUSTeK are not alleged to have—and do *not* have—a regular or established place of business in this district. These facts do not satisfy Section 1400(b).

In *VE Holdings Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), the Federal Circuit held that *Fourco* is no longer controlling law because Congress amended Section 1391(c) after *Fourco*. The Federal Circuit held that venue under 28 U.S.C. § 1391(c) venue in a patent infringement action is proper in any judicial district in which the defendant is subject to personal jurisdiction at the time the action is commenced. Last year, the Federal Circuit reaffirmed *VE Holdings*. *See In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016).

ACI respectfully submits that the Federal Circuit wrongly decided *VE Holdings* and *TC Heartland*. The Supreme Court granted a writ of certiorari in *TC Heartland*. In its briefs and at

argument, TC Heartland LLC argued that the Supreme Court never overturned *Fourco*, and the Federal Circuit is not empowered to do so. *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341 (U.S. argued Mar. 27, 2017). If the Supreme Court reverses the Federal Circuit and holds that Section 1400(b) is the exclusive venue provision in patent cases and is not supplemented by Section 1391(c), then the claims against ACI and ASUSTeK should be dismissed for improper venue.

Respectfully submitted,

DATED: May 5, 2017

LAMONTAGNE, SPAULDING & HAYES, LLP

By: /s/Cathryn Spaulding(BBO #565047)
cspaulding@lshattorneys.com
Karen Connors (BBO ## 630342)
kconnors@lshattorneys.com
One Hollis Street, Suite 425
Wellesley, MA 02482
Phone: (781) 489-1414
Facsimile: (781) 431-8749

Li Chen (*pro hac vice application pending*)
Texas Bar No. 24001142
CHEN MALIN LLC
1700 Pacific Ave., Suite 2400
Dallas, TX 75201
Phone: (214) 627-9955
Lchen@chenmalin.com

*Attorneys for Defendant ASUS COMPUTER INTERNATIONAL*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 5, 2017, I electronically filed the foregoing with the Clerk's Office using the Court's CM/ECF system, which will send notification of this filing (NEF) to all registered participants and paper copies will be sent to those indicated as non-registered participants.

/s/ Cathryn Spaulding
Cathryn Spaulding